Luis J. Nicole, Plaintiff and Appellant, *v.* Ramón Montalvo et al., Defendants; Alfonso Vázquez, Intervener and Appellee.

No. 9253.  Argued April 17, 1946.—Decided June 21, 1946.

*Carlos E. Colón* for appellant.  *Luis Angel Limeres* for intervener-appellee.

Mr. Justice Córdova delivered the opinion of the court.

Luis Nicole, plaintiff in an action for damages, attached a truck.  Alfonso Vázquez, who was not a party to the action,

filed a motion stating that he held a duly recorded mortgage on the attached truck and requesting that the attachment be set aside as the plaintiff had not deposited in court the amount of the mortgage. After the motion was set for hearing, the plaintiff moved that it be stricken, since Vázquez had not requested and obtained leave to intervene. The court held "that the mortgage creditor should file the proper motion for leave to intervene and then the motion to set aside the attachment will be considered," and subsequently Vázquez filed a petition for leave to intervene based on the motion already filed. The plaintiff, Nicole, answered the petition for leave to intervene, and the motion to set aside the attachment, setting up various defenses on the facts and the law. A hearing was held (neither the motion nor the order on the hearing appears from the record), which commenced with the following colloquy:

"Attorney for Intervener: We are ready, Your Honor.

"Judge: . . . What is the question?

"Attorney for Intervener: . . . we have asked leave to intervene . . . in order that the attachment be decreed null and void.

"Judge: Is that the matter at issue today?

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

What does the adverse party say about this? What is its objection to this petition for intervention?

"Attorney for Plaintiff: The matter at issue is that the intervener has requested leave to intervene, based, according to the prior *nunc pro tunc* order of the District Court, on a motion for nullity of the attachment levied. The ground for the intervention is the nullity of the attachment levied in this case under the supposed right, alleged by the intervener, of a mortgage on the personal property, which the intervener has upon the mortgaged property.

"Judge: That he has not deposited in court the amount?

"Attorney for Plaintiff: Exactly. Now then. *The court must decide today whether that right exists, whether there is a mortgage.*

"Judge: That is matter of evidence.

"Attorney for Plaintiff: *And whether under the present law, the mortgage, and the right alleged by the intervener, the nullity of the attachment lies, and then decide accordingly.*

"Judge: Let us hear the evidence.

"Attorney for intervener: Then we are going to offer in evidence, Your Honor . . .

"Attorney for the Plaintiff: In other words, *we are going to state in the record that we do not at all oppose the right to intervene if that is true.*

"Judge: That having been cleared as a matter of law, then, you admit the intervention provided the allegations are proved.

"Attorney for the Plaintiff: Sure.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Judge: What is the matter at issue today, the motion for intervention?

"Attorney for Plaintiff: *And the nullity of the attachment.*" (Italics ours.)

Both parties then introduced evidence as to the merits of the motion to set aside the attachment and the court finally issued an order setting aside the attachment. The plaintiff appeals, and the only error he assigns is that committed by the court "in deciding the incident of the intervention on its merits without the intervener having filed his corresponding complaint *in intervention* after the corresponding leave to intervene . . . the order appealed from being a surprise to the plaintiff-appellant, who believed that . . . in said hearing only the APPLICATION FOR INTERVENTION would be decided . . . reserved his evidence or part of the same regarding the nullity and simulated character of the mortgage contract."

▪▪▪ The error assigned does not exist. The motion to set aside the attachment constituted the complaint for intervention, since it amply set up the cause of action of the intervener. The label put on the petition setting up the claim for intervention is not important, nor is it important that it be labeled. Nor is the fact that the petition of the intervener was filed prior to the granting of leave to intervene irregular. On the contrary, it is strictly in accordance with

the procedure established by law.[1] Although the motion or complaint of the intervener was filed prior to the application for leave to intervene, this fact in no way prejudiced the plaintiff, who answered the allegation of the complaint, established the defense of fraud, went to trial without demanding that the court first decide whether or not to grant leave to intervene, and expressly stipulated that the intervention be allowed, provided the intervener established his case on the merits. Similarly, appellant's contention that he was surprised by the fact that the court decided the motion for intervention on its merits because he understood that only the application for leave to intervene had been submitted and discussed, and that as a result he did not present his evidence, or part of it, is without merit. Let us see what plaintiff's attorney stated after the intervener had made out a *prima facie* case of the nullity of the attachment:

"Attorney for Plaintiff: We announce to the Court that we are going to prove our motion of fraud, simulation, and lack of consideration in the contract, through oral testimony."

And upon the termination of the examination of the four witnesses of the plaintiff, his attorney announced that "This is all the evidence."

It is very difficult indeed for us to understand how counsel for appellant can appear before this court and state that he did not know that the motion to set aside the attachment was being heard on its merits. If he was ignorant of the fact, he concealed it with remarkable success. Be it as it may, the appellant has not the slightest reason to complain of the proceedings had, in which he had an ample opportunity to state his case, an opportunity of which he availed himself fully, although unsuccessfully.

The order appealed from should be affirmed.

---

[1] Rule 24(c) of the Rules of Civil Procedure reads as follows:

"*Procedure.*—A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense which gives rise to the intervention."